## EVERETT BROOKS v. STATE.

No. A-1732.  Opinion Filed May 3, 1913.

(131 Pac. 728.)

RAPE—Sufficiency of Evidence. In a prosecution for statutory rape, the evidence is held to support the verdict and that no reversible error was committed on the trial.

(Syllabus by the Court.)

*Appeal from District Court, Le Flore County;*
*W. H. Brown, Judge.*

Everett Brooks was convicted of statutory rape, and he appeals. Affirmed.

*Tom W. Neal,* for plaintiff in error.
*S. C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Everett Brooks, was convicted of the crime of statutory rape committed on Maud Alton,

an unmarried female over the age of 16 years and under the age of 18 and of previous chaste and virtuous character, on or about June 15, 1910, and in accordance with the verdict of the jury was sentenced to serve a term of five years' imprisonment in the penitentiary. The judgment and sentence was entered November 18, 1911. To reverse the judgment, an appeal by case-made was perfected.

Briefly stated, the salient facts are as follows: Maud Alton's testimony is in part in the words as follows:

"He began going with me in the spring after my mother died in the winter. He always seemed to be a very nice young man until along about December, 1909, and then he began to make indecent proposals to me, and I refused him and asked him if I got in a bad condition what would he do. He said he would go to Poteau and get the license and come back and have the ceremony. I never did give up and he always had such talks until in. April, 1910, and then he began trying to have intercourse with me and never did succeed until along in June, and then he did have intercourse with me off and on until in November, and I had never had anything to do with any other young man that way, and in November I got in a bad condition and I told him and he proposed for me to go to my uncle's in Tennessee and get shut of it, and no one here would know anything about it, and I refused to go."

Joe Brooks testified that the defendant said to him:

"That Maud Alton was in a bad fix and that she was going to Tennessee, and that she would get shut of the trouble there and that he would bear her expenses; that 'she says it is mine but I'll be damned if I will ever own it,' but that he had had intercourse with her."

Mrs. Tina Brooks testified that she heard the defendant say that he had had intercourse with Maud Alton and he believed that she was going to lay it on him, and he intended going to the doctors and get something to make her miscarry.

Will Haggard testified that the defendant told him of having had intercourse with Maud Alton.

Lige Alton testified that Maud Alton is his daughter; that she was 17 years of age March 24, 1910; that his wife

died in 1905 and his daughter Maud kept house on his farm for his family consisting of her' and a younger sister and brother; that the defendant for several years had been calling on his daughter, and they had been going to church, prayer meetings, and entertainments together.

Six or seven witnesses testified to the previous chaste and virtuous character of the prosecutrix.

On behalf of the defense some testimony was offered tending to show that prosecutrix was not of previous chaste and virtuous character. The defendant did not testify on his own behalf.

The petition in error contains many assignments. The principal grounds relied upon for a reversal are based upon the rulings of the court on the admission of testimony and requested instructions refused to be given by the court.

We have carefully examined the record and the rulings complained of and can find no injustice done the defendant upon the trial by the rulings upon the admission of evidence or the instructions of the court. The alleged errors do not seem to us to merit special consideration. The trial was in every respect a fair one, and, considering that want of previous chaste and virtuous character, the only defense relied upon, was but feebly supported by the evidence, we think the only mistake apparent from the record was made by the jury in assessing the minimum punishment prescribed by the law. A case seldom appears in criminal annals showing more depravity in the defendant or a greater outrage to common decency and public morals.

A miscreant who would entice an unsophisticated motherless girl to submit to his lust by pretense of love and promise of marriage, and after his victim's hope, happiness, and life have been essentially destroyed finally adds infamy to his iniquity by attempting to destroy any vestige of character his victim may possess by denouncing her before the world as a wanton, is deserving in full measure the punishment prescribed. It is apparent from the record that justice, though somewhat lame,

has been long due, but the day of the defendant's atonement is at hand.

The judgment is affirmed. Mandate forthwith.

ARMSTRONG, P. J., and FURMAN, J., concur. .